HENRY, Circuit Judge,
concurring.
Although it is close, I agree with the majority that the objective reasonableness of the shooting entitles Deputy Yarbrough to qualified immunity. However, I do not think the district court was “plainly wrong” in equating Ms. Blossom’s “refusal to admit with the affirmative submission of conflicting evidence.” Opinion at 966. I *969 believe the district court found other factual disputes from the incident independent of Ms. Blossom’s refusal to admit that her son lunged at Deputy Yarbrough.
In situations where the only witness to a fatal shooting is an “interested” one, we should proceed with caution. Here, the district court examined the testimony of Ms. Blossom’s expert and Officer Couch, along with the differing accounts of Deputy Yarbrough after the shooting and later in his deposition. I believe it was appropriate to consider these factors as presenting conflicting evidence and justifying additional fact-finding.